UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**SOUTHERN DIVISION at LONDON**

| | | |
|---|---|---|
| BRIAN POSLEY, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 6: 19-234-JMH |
| | ) | |
| V. | ) | |
| | ) | |
| JA BARNHART, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Petitioner Brian Posley is a federal inmate currently housed at the Federal Correctional Institution ("FCI") – Manchester located in Manchester, Kentucky. Proceeding without a lawyer, Posley has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking relief from his sentence. [R. 1].

Petitions filed under § 2241 are subject to initial screening by the Court required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). *See also Alexander*, 419 F. App'x at 545 (applying the pleading standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), to habeas corpus petitions).

1

**I.**

On April 26, 2016, Posley was charged in an indictment issued by a grand jury in the United States District Court for the Eastern District of Tennessee with one count of being a convicted felon who knowingly possessed ammunition in violation of 18 U.S.C. §§ 922(g)(1) (Count One). *United States v. Brian L. Posley, Jr.*, Case No. 1:16-cr-044-TRM-SKL-1 (E. D. Tenn. 2016) at R. 1. Pursuant to a plea agreement with the United States, on September 7, 2016, Posley pled guilty to Count One of the Indictment. *Id*. at R. 18, 21. On December 16, 2016, Posley was sentenced to a term of imprisonment of 70 months. *Id*. at R. 29, 32.

Posley appealed his sentenced to the United States Court of Appeals for the Sixth Circuit, challenging the District Court's application of a four-level enhancement to his base offense level under U.S.S.G. § 2K2.1(b)(6)(B) for possessing the relevant ammunition "in connection with another felony offense." Specifically, Posley argued that the facts that drugs were found on his person and in his home were insufficient to establish that he possessed ammunition "in connection with another felony offense" for purposes of the four-level enhancement.

However, the Sixth Circuit rejected this argument, finding that "[t]he district court did not clearly err when it determined that Posley possessed the drugs in his house and on his person for

resale – a felony drug-trafficking offense – and correctly determined that the mere presence of ammunition in close proximity to the drugs facilitated, or had the potential to facilitate, that offense." *United States v. Posley*, 706 F. App'x 313, 315 (6th Cir. 2017), *cert. denied,* 138 S. Ct. 714, 199 L. Ed. 2d 583 (2018). Among several other factors (including the presence of three different types of drugs, the amount of marijuana that was found, and the presence of $700.00 cash in Posley's front pocket), the Sixth Circuit noted that "it was at least probative that, at the time of his sentencing, Posley had been charged in state court for possessing the very drugs at issue for resale." *Id*. at 315-316. Thus, the Court concluded that "[c]onsidering all of these incriminating facts, it was not clear error for the district court to find that Posley held the drugs for resale, which constitutes a felony offense in Tennessee, *see* Tenn. Code Ann. § 39-17-417(a)(4), (g)(1)(2010)." *Id*. at 316. Accordingly, the Sixth Circuit affirmed Posley's sentence. *Id*. at 314.

Posley has now filed a petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2241. [R. 1]. In his § 2241 petition, Posley again challenges the District Court's application of the four-level enhancement to his base offense level under U.S.S.G. § 2K2.1(b)(6)(B) for possessing the relevant ammunition "in connection with another felony offense." However, Posley now

3

argues that, although he may have been charged in state court for possessing the drugs found at the time of his arrest, he was not convicted of these charges, nor was he charged with violating 18 U.S.C. § 841(b)(1)(c). [R. 1-1 at p. 2]. Without any citation to legal authority, Posley argues that, because he was not charged with a felony in federal court, nor was he convicted of any felony offense in state court, the four-level enhancement to his base offense level under U.S.S.G. § 2K2.1(b)(6)(B) was inappropriate. [*Id*.]. However, the Court must deny relief, both because Posley's claims are not cognizable in a habeas corpus petition filed pursuant to § 2241 and because they are without merit.

## II.

A federal prisoner generally may not use a § 2241 petition to challenge the enhancement of his sentence. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Rather, a prisoner who wishes to challenge the legality of his conviction or sentence must file a motion under § 2255. *Id.* (explaining the distinction between a § 2255 motion and a § 2241 petition). A § 2241 petition may not be used for this purpose because it does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

The "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to this prohibition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). A motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (holding that § 2241 is available "only when a structural problem in § 2255 forecloses even one round of effective collateral review..."). Rather, to properly invoke the savings clause, the petitioner must be asserting a claim that he is "actually innocent" of the underlying offense by showing that, after the petitioner's conviction became final, the United States Supreme Court issued a retroactively applicable decision re-interpreting the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute, *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012), or establishing that - as a matter of statutory interpretation - a prior conviction used to enhance his or her federal sentence no longer qualifies as a valid predicate offense. *Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016).

The decidedly narrow scope of relief under § 2241 applies with particular force to challenges not to convictions, but to the sentence imposed. *Peterman*, 249 F.3d at 462; *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("The savings clause of section 2255(e) does not apply to sentencing claims."). To be sure, there is a very limited exception under which federal prisoners have been permitted to challenge their sentences in a § 2241 petition. However, the United States Court of Appeals for the Sixth Circuit has explained that a prisoner may only proceed in this manner if he can show: "(1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect." *Hill*, 836 F.3d at 595. More recently, in *Wright v. Spaulding*, 939 F.3d 695 (6th Cir. 2019), the Sixth Circuit clarified *Hill* and held that "a federal prisoner cannot bring a claim of actual innocence in a § 2241 petition through the saving clause without showing that he had no prior reasonable opportunity to bring his argument for relief." *Id*. at 705.

Here, Posley cites to no retroactive Supreme Court case of statutory interpretation that could not have been invoked in an initial § 2255 motion. Nor has Posley "shown that anything

6

prevented or foreclosed him from making his argument at his sentencing, on direct appeal…, or in an initial § 2255 motion." *Id*. at 706. Indeed, the ground for relief presented in his § 2241 petition is simply an additional argument supporting his claim that was presented and rejected on appeal – that the four-level enhancement to his base offense level under U.S.S.G. § 2K2.1(b)(6)(B) was inappropriate. In addition, to the extent that he continues to argue that the application of the sentencing enhancement violates the Due Process clause and the Eighth Amendment, these are constitutional claims that could and must have been asserted before the trial court, upon direct appeal, or in a motion pursuant to 28 U.S.C. § 2255. Thus, these claims clearly fall outside the purview of § 2241.

Because Posley cannot show "he had no prior reasonable opportunity to bring his argument for relief," *Wright*, 939 F.3d at 705, he cannot now use the saving clause to get another bite at the apple. *Wright*, 939 F.3d at 706. For this reason, his petition must be denied.

Moreover, Posley's petition fails because his argument is without merit. Sentencing Guideline 2K2.1(b)(6)(B) provides for a four-level increase to a defendant's base offense level if the defendant "used or possessed any firearm or ammunition in connection with another felony offense; or possessed or

transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense" U.S.S.G. § 2K2.1(b)(6)(B). However, Application note 14(C) specifies that "'[a]nother felony offense'", for purposes of subsection (b)(6)(B), means any federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year, *regardless of whether a criminal charge was brought, or a conviction obtained.*" *Id.* comment (n. 14(C)) (emphasis added). Thus, application of the enhancement provided by § 2K2.1(b)(6)(B) does not require the conviction of "another felony offense." *See United States v. Sandidge*, 784 F.3d 1055, 1062 (7th Cir. 2015) (the enhancement provided by U.S.S.G. § 2K2.1(b)(6)(B) "may be applied regardless of whether a charge was brought or a conviction obtained for the other felony offense").

For all of these reasons, Posley does not fall within the limited exception recognized by *Hill* and *Wright*, thus he may not challenge his sentence in this § 2241 proceeding. In the alternative, Posley's claim for relief is without merit. Thus, Posley's petition fails to establish any basis for habeas relief and will be denied.

Accordingly, it is hereby **ORDERED** as follows:

1.  Posley's petition for a writ of habeas corpus [R. 1] is **DENIED**.

2.  The Court will enter a judgment contemporaneously with this order.

3.  This matter is **DISMISSED** and **STRICKEN** from the docket.

This 27th day of November, 2019.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge